**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Alberto Concepcion

  v.          Case No. 18-cv-900-LM

Robert Hazlewood, Warden,
Federal Correctional Institution,
Berlin, New Hampshire

**REPORT AND RECOMMENDATION**

  Alberto Concepcion, an inmate at the Federal Correctional Institution, Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his current sentence, imposed pursuant to a federal prosecution in the District of New Jersey. See United States v. Concepcion, No. 2:99-cr-00753-SDW-1 (D.N.J.) ("Concepcion I").  Concepcion's petition (Doc. No. 1), including the supplemental memorandum (Doc. No. 9) that the court has deemed to be an addendum to the petition, is before this court for preliminary review, to determine whether Concepcion's claims are facially valid and may proceed.[1]  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254

---

[1] The court has granted Concepcion's motion for leave to file a supplemental memorandum in support of his petition (Doc. No. 9), in part, to the extent that Doc. No. 9 is deemed to be an addendum to the petition (Doc. No. 1).  See Jan. 3, 2019 Order.

Rules to § 2241 petitions); LR 4.3(d)(4)(A). Also before the court is Concepcion's motion for release on bail (Doc. No. 6) pending disposition of his section 2241 petition.

## Background

On March 16, 2000, Concepcion pleaded guilty to one count of conspiring to distribute more than 100 grams of heroin. See Concepcion I, ECF No. 52. His June 2000 motion to withdraw that plea was denied, and he was sentenced on July 7, 2000 to 325 months imprisonment. See Concepcion I, ECF Nos. 82, 83. The sentencing court set Concepcion's sentence in the middle of the Guidelines range of 292 to 365 months, after determining: that Concepcion stipulated to a drug distribution offense involving at least three kilograms but less than ten kilograms of heroin; that Concepcion had played a managerial/supervisory role in the distribution operation; and that Concepcion had engaged in the obstruction of justice. See July 7, 2000 Tr., Concepcion I, filed in Concepcion v. United States, No. 2:02-cv-02301-WGB (D.N.J., Tr. filed Mar. 27, 2006) (ECF No. 22-4, at 24-26, 29-31, 35). The Third Circuit affirmed Concepcion's direct appeal of his conviction and sentence on May 10, 2001. See United States v. Concepcion, 259 F.3d 717 (3d Cir. 2001) (unpublished). The district court later reduced Concepcion's sentence to 275

months, upon granting Concepcion's pro se motion filed pursuant to 18 U.S.C. § 3582(c)(2).  See May 31, 2016 Order, Concepcion I, ECF No. 136.

Concepcion filed his first motion under 28 U.S.C. § 2255 challenging the validity of his detention in 2002.  That motion was denied.  See Concepcion v. United States, No. 2:02-cv-02301-WGB (D.N.J. Oct. 17, 2002).  Concepcion then filed a civil action against fifty-six governmental employees and officials involved in his criminal case.  The federal court in New Jersey dismissed that civil case as frivolous and malicious, see Apr. 4, 2005 Order, Concepcion v. Resnik, No. 3:04-cv-05177-GEB-TJB (D.N.J. Apr. 4, 2005), ECF No. 39, and Concepcion was permanently enjoined "from filing further claims in [the District of New Jersey] without leave of the Court."  Id.

In 2010, Concepcion moved in the District of New Jersey for leave to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  See Concepcion v. Zickefoose, No. 3:10-cv-04210-MLC (D.N.J.).  That court denied Concepcion's request, see Mar. 4, 2011 Order, id., ECF No. 10, and the Third Circuit affirmed that denial, upon finding that the claims in Concepcion's § 2241 petition could have been raised in his direct appeal or in his first § 2255 motion, see Concepcion v. Zickefoose, 442 F. App'x 622, 623 (3d Cir. 2011) ("Concepcion II").

3

In 2015, Concepcion sought leave in the District of New Jersey to file a second petition under 28 U.S.C. § 2241, asserting, among other things, "that his sentence violates the Apprendi line of cases, that the warrants and complaints against him are faulty and/or fraudulent, that certain unknown federal agents conspired against him to trump up the evidence in his criminal case, [and] that his counsel was constitutionally ineffective." Concepcion v. Hollingsworth, No. 2:15-cv-07400-SDW, 2015 U.S. Dist. LEXIS 152031, at *4, 2015 WL 6942433, at *2 (D.N.J. Nov. 9, 2015) ("Concepcion III") (describing petition, citing Apprendi v. New Jersey, 530 U.S. 466 (2000)). The Concepcion III court dismissed that § 2241 petition for lack of jurisdiction, finding it to be a second or successive § 2255 motion for which Concepcion had not obtained prior authorization. See id., 2015 U.S. Dist. LEXIS 152031, at *7, 2015 WL 6942433, at *3. The Third Circuit affirmed. See Concepcion v. Warden, 648 F. App'x 160, 161 (3d Cir. 2016) ("Concepcion IV").

After Concepcion's transfer to FCI Berlin, he filed the instant petition, seeking to invoke this court's jurisdiction under 28 U.S.C. § 2241. This petition, like his prior section 2241 petitions, challenges the validity of Concepcion's conviction and sentence. Reproducing the substance of arguments

4

he made in his prior section 2241 petitions, Concepcion cites Apprendi and Burrage v. United States, 571 U.S. 204 (2014), in arguing that he was improperly subjected to a heightened minimum and maximum sentence range pursuant to 21 U.S.C. § 841(b)(1)(B). As in both prior petitions, Concepcion argues here that his sentence resulted from the ineffective assistance of counsel, that judges made false and fraudulent findings, and that government agents involved in his prosecution engaged in fraud and misconduct that affected the length of his sentence and the validity of his guilty plea.  He further argues that government agents withheld a lab report that he contends is new exculpatory evidence, and he asserts that the permanent injunction imposed upon him by the District of New Jersey requiring him to obtain leave of court before filing a civil case is part of a cover-up of corruption and fraud in his criminal case.

## Discussion

I.   Preliminary Review under § 2254 Rule 4

   A.   Standard

In undertaking § 2254 Rule 4 preliminary review, this court examines the face of the petition, and any attached exhibits, to determine whether the petitioner is plainly not entitled to relief.  See id.; McFarland v. Scott, 512 U.S. 849, 856 (1994).

When a habeas petitioner proceeds pro se, the assertions in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

B.   Savings Clause Jurisdiction

In general, pursuant to 28 U.S.C. § 2255, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of that conviction or sentence. Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to consider a § 2241 petition challenging the validity of the inmate's detention. See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999). The savings clause provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is <u>inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).

"[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant <u>any</u>

6

opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted). As both the Third Circuit and the District of New Jersey have previously explained to Concepcion,

> The § 2255 remedy is only inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances."

Concepcion III, 2015 U.S. Dist. LEXIS 152031, at *5-*6, 2015 WL 6942433, at *2 (quoting Concepcion II, 442 F. App'x at 623 (citation omitted)).

While it has not articulated all of the circumstances under which a petitioner may access the savings clause, the First Circuit has noted that "[m]ost courts have required a credible allegation of actual innocence." Trenkler, 536 F.3d at 99. The savings clause is available for petitioners asserting statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a manner that would have rendered them not guilty of criminal conduct. See Sustache-Rivera v. United States, 221 F.3d 8, 16 n.14 (1st Cir. 2000); see also In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997) (savings clause jurisdiction exists in circumstances where intervening change in the law decriminalized conduct

7

underlying petitioner's conviction, and he had no other opportunity to pursue his claim).

In this proceeding, Concepcion has not asserted a credible claim of actual innocence, or a claim of the type allowed under Dorsainvil and Sustache-Rivera.  Concepcion's claim regarding the permanent injunction limiting his ability to file civil actions in the District of New Jersey is a civil rights claim, for which relief is not available in an action under section 2241.  His claim regarding the existence of new evidence may be considered by the Third Circuit as a potential ground for filing a second or successive petition under 28 U.S.C. § 2255(h).  His remaining claims could have been asserted in his direct appeal or in his first section 2255 motion.  Concepcion has failed to show that the configuration of section 2255 has denied him any opportunity for judicial rectification as to his claims challenging the validity of his conviction and sentence.  Accordingly, the court lacks savings clause jurisdiction over those claims.

C. Abuse of the Writ

Essentially all of the claims asserted in the instant petition, including Concepcion's claims citing Apprendi and Burrage, were raised in substance in Concepcion's prior section 2241 petitions.  See, e.g., Concepcion III, 2015 U.S. Dist.

8

LEXIS 152031, at *4, 2015 WL 6942433, at *2 (describing petition in that case as including more developed versions of claims that Concepcion raised in his 2010 petition, including that his "sentence violates the Apprendi line of cases, that the warrants and complaints against him are faulty and/or fraudulent, that certain unknown federal agents conspired against him to trump up the evidence in his criminal case, [and] that his counsel was constitutionally ineffective").  "A § 2241 petition is considered to be abusive if it raises 'the same legal issue' addressed and resolved in a prior filing." Rich v. Tamez, 489 F. App'x 754, 754 (5th Cir. 2012) (citation omitted)). Cf. Graewe v. Warden Allenwood FCI, 691 F. App'x 61, 62 n.3 (3d Cir. 2017) ("A district court may raise the abuse-of-the-writ issue sua sponte, as long as it gives the petitioner notice and an opportunity to respond.").  The Concepcion III court dismissed Concepcion's claims for lack of savings clause jurisdiction, see id., 2015 U.S. Dist. LEXIS 152031, at *7, 2015 WL 6942433, at *3, and the Third Circuit affirmed, see Concepcion IV, 648 F. App'x at 161.  Concepcion's attempt to relitigate essentially the same claims here that he previously unsuccessfully litigated in the District of New Jersey amounts to an abuse of the writ. Each of the claims previously litigated and reasserted in this case is subject to dismissal on that basis.

9

II. Motion for Bail

Concepcion has filed a motion (Doc. No. 6) seeking release pending the disposition of his § 2241 petition. The federal courts have inherent power in extraordinary cases to admit a § 2241 petitioner to bail as necessary to make the habeas remedy effective, if there are substantial claims in the petition. See Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001). Cf. Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972)("Both in the district court, and on appeal, in the absence of exceptional circumstances -- whatever that may include -- the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, but a clear, and readily evident, case on the facts." (citation and footnote omitted)). As this petition should be dismissed for grounds including abuse of the writ and lack of savings clause jurisdiction, it contains no substantial claim, and the motion for bail (Doc. No. 6) should be denied.

## Conclusion

For the foregoing reasons, the district judge should: 1) dismiss Concepcion's § 2241 petition (Doc. Nos. 1, 9) based on his abuse of the writ and for lack of savings clause

jurisdiction, without prejudice to Concepcion's ability to seek permission in the Third Circuit to file a successive § 2255 motion in the District of New Jersey, and 2) deny the motion for bail (Doc. No. 6).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                              _____
                                                                              Andrea K. Johnstone
                                                                              United States Magistrate Judge

January 9, 2019

cc:    Alberto Concepcion, pro se